**REDACTED OPINION**

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-2443**

———————

TRICIA F. PETTIS,

                                        Plaintiff - Appellant,

        versus

HOUSE OF RUTH MARYLAND, INCORPORATED,

                                        Defendant - Appellee.

———————

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Roger W. Titus, District Judge.  (CA-03-
2498-RWT)

———————

Submitted:  July 15, 2005          Decided:  August 11, 2005

        Redacted Opinion Filed:  March 6, 2006

———————

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Tricia F. Pettis, Appellant Pro Se.  Steven Ellis Bers, Melissa
Menkel Shorey, WHITEFORD, TAYLOR & PRESTON, L.L.P., Baltimore,
Maryland; Judith Anne Wolfer, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Tricia F. Pettis alleges that she was unlawfully terminated by House of Ruth Maryland ("HORM") due to her race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e - 2000e-17 (2000), 42 U.S.C. § 1981 (2000), and the Prince George's County (Maryland) Human Relations Commission Act. Pettis also claims her termination violated the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 (2000). The district court granted summary judgment to HORM, and Pettis appealed.

Following our review of the record, we found no reversible error and issued an opinion affirming the grant of summary judgment in favor of HORM. Pettis thereafter filed a motion seeking to have this court's opinion placed under seal. Upon careful consideration of the matter, we withdraw our original opinion and reissue the opinion with sensitive information redacted. In light of this disposition, we deny Pettis' motion.

This court reviews an award of summary judgment de novo. Higgins v. E. I. Dupont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate when there is no genuine issue of material fact, given the parties' respective burdens of proof at trial. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-49 (1986). In determining whether the moving party has shown there is no genuine issue of material fact, a court must assess the factual evidence and all

- 2 -

inferences to be drawn therefrom in the light most favorable to the non-moving party.  Id. at 255; Smith v. Virginia Commonwealth Univ., 84 F.3d 672, 675 (4th Cir. 1996).

Pettis first argues that the district court erred by not giving preclusive effect to findings of fact by the Virginia Employment Commission ("VEC") made in connection with Pettis' claim for unemployment compensation benefits.  Factual determinations made in state unemployment claim proceedings receive no preclusive effect in actions brought under federal statutes despite involving the same operative facts.  Ross v. Communication Satellite Corp., 759 F.2d 355, 360 (4th Cir. 1985), abrogated on other grounds by Price Waterhouse v. Hopkins, 490 U.S. 228 (1989).  "[A] judicial determination by one administrative agency is not binding on another adjudicator, which is seeking to determine an apparently identical issue under a different statute . . . so long as there exist substantial differences between the statutes themselves." Id. at 361-62 (internal quotations and citations removed).  In Virginia, an employer alleging misconduct as a basis for denying an employee unemployment compensation benefits must show that the employee deliberately and willfully engaged in conduct evincing a complete disregard for the employer's workplace standards and policies.  See Va. Code Ann. § 60.2-618 (Michie 2005); Branch v. Virginia Employment Comm'n, 219 Va. 609, 249 S.E.2d 180 (1978).  In an action under Title VII, however, the standard is quite different

because all the employer must do to meet its burden of production is provide a lawful nondiscriminatory reason for the discharge. Because the legal standards are not identical, the findings of the VEC cannot be given preclusive effect under Ross.

Pettis claims she was unlawfully terminated by HORM due to her race in violation of Title VII and 42 U.S.C. § 1981 (2000). To survive summary judgment, Pettis must come forth with either direct evidence of discrimination or establish a prima facie case of discrimination under McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Pettis submitted no direct evidence of racial discrimination. To establish a prima facie case of discriminatory termination under Title VII or § 1981, a plaintiff must show that: (1) she belongs to a protected class; (2) she was terminated; (3) at the time of the termination, she was performing at a level that met legitimate job expectations; and (4) she was replaced with a similarly situated applicant outside the plaintiff's protected class. See King v. Rumsfeld, 328 F.3d 145, 149 (4th Cir. 2003). The parties do not dispute that Pettis, an African American, is a member of a protected class, that she was terminated, or that she was replaced with a similarly situated applicant outside her protected class.

Pettis claims she was meeting HORM's job expectations, but has provided little evidence beyond her own opinion. An employee's "naked opinion" of her performance is not enough to

- 4 -

establish a prima facie case of discrimination. <u>King v. Rumsfeld</u>, 328 F.3d at 149; <u>Evans v. Technologies Apps. & Serv. Co.</u>, 80 F.3d 954, 959 (4th Cir. 1996). "It is the perception of the decision maker which is relevant, not the self-assessment of the plaintiff." <u>Evans v. Technologies Applications & Serv. Co.</u>, 80 F.3d 954, 960-61 (4th Cir. 1996). HORM established that Pettis did not meet its job expectations. Pettis failed to prove that she met the job expectations of HORM and, therefore, failed to establish a prima facie case of discrimination.

Pettis also claims her termination violated the ADA. To establish a prima facie case of wrongful termination under the ADA, "a plaintiff must show that (1) she was a 'qualified individual with a disability'; (2) she was discharged; (3) she was fulfilling her employer's legitimate expectations at the time of discharge; and (4) the circumstances of her discharge raise a reasonable inference of unlawful discrimination." <u>Rohan v. Networks Presentations LLC</u>, 375 F.3d 266, 272 n.9 (4th Cir. 2004). To demonstrate she is a qualified individual with a disability, she must show that she is significantly restricted in a major life activity. <u>Pollard v. High's of Balt., Inc.</u>, 281 F.3d 462, 467 (4th Cir. 2002). An impairment's impact on a major life activity must be "permanent or long-term." <u>Toyota Motor Mfg., Kentucky, Inc. v. Williams</u>, 534 U.S. 184, 198 (2002). "[A] temporary impairment . . . will generally not qualify as a disability under the ADA. An

impairment simply cannot be a substantial limitation on a major life activity if it is expected to improve in a relatively short period of time." Pollard, 281 F.3d at 468. Pettis failed to demonstrate that she qualified for a disability.

Pettis claims that HORM violated the confidentiality provisions of the ADA, which generally prohibit an employer from discriminating against an individual by requiring medical examinations or making inquiries regarding the nature and extent of an employee's disability. 42 U.S.C. § 12112(d) (2000). The ADA "permits employers . . . to make inquiries or require medical examinations necessary to the reasonable accommodation process." 29 C.F.R. pt. 1630, App. § 1630.14(c). The information sought by HORM about Pettis was permissible and did not violate the ADA confidentiality requirements.

Pettis claims HORM fired her in retaliation for exercising her confidentiality rights under the ADA. Pettis did not include this claim in her EEOC complaint; therefore, no administrative investigation was conducted on this claim. Therefore, because the scope of Pettis' complaint exceeds the limits set by the allegations of her administrative complaint, we cannot analyze the merits of Pettis' retaliation claim. See Bryant v. Bell Atlantic Maryland, Inc., 288 F.3d 124, 132-33 (4th Cir. 2002).

Accordingly, we affirm the district court's order granting HORM's motion for summary judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED